Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000708
24-FEB-2015
08:10 AM

NO. CAAP-12-0000708

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GARY A. DRAIZEN, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 11-1-0051; CR. NO. 94-2348)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant Gary A. Draizen (**Draizen**) appeals from the "Order Denying Hearing and Dismissing Petition for Post-Conviction Relief (Rule 40 HRPP)," filed on July 24, 2012 (**Order Denying Post-Conviction Relief**), in the Circuit Court of the First Circuit (**Circuit Court**).[1]

On September 29, 1998, this court, in Appellate No. 20344 (Cr. No. 94-2348), affirmed the November 25, 1996 Judgment of the First Circuit Court convicting and sentencing Draizen for the offense of Murder in the Second Degree. On September 10, 1997, Draizen's minimum term was set at 50 years by the Hawaii Paroling Authority (**HPA**).

On June 4, 2009, Draizen's request for a new minimum sentencing hearing, pursuant to Coulter v. State, 116 Hawai'i

---

[1] The Honorable Glenn J. Kim presided.

181, 172 P.3d 493 (2007), was granted. Draizen was appointed legal counsel for the new minimum sentencing hearing.

On June 28, 2010, after a hearing, the HPA again set Draizen's minimum sentence at 50 years and specified the Level of Punishment as Level III, citing the significant factors of Nature of Offense and Degree of Loss/Injury to Victim.

On August 31, 2011, Draizen filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Petition**). Draizen claimed that: his minimum sentence was increased after receiving a new minimum sentencing hearing, in violation of his due process rights,; HPA acted arbitrarily when classifying him because it failed to distinguish how his crime differed from others similarly situated; his minimum sentence was an extraordinary departure from the HPA Guidelines without explanation; HPA imposed a higher degree of penal liability than authorized by statute; he was denied effective assistance of counsel at his initial minimum sentencing hearing in 1997; HPA increased his minimum term due to actual vindictiveness; HPA is subject to Apprendi v. New Jersey, 530 U.S. 466 (2000); HPA failed to sufficiently specify its rationale for determining his level of punishment; he was denied the right to present mitigating factors when HPA failed to apprise him of the initial Level of Punishment starting point; HPA used the wrong level of punishment for its starting point when setting the minimum sentence; HPA automatically assessed all offenses involving loss of life to be "callous and/or cruel;" and the factors cited by HPA do not warrant a Level III classification.

On July 24, 2012, the Circuit Court issued the Order Denying Post-Conviction Relief. Draizen timely filed a notice of appeal. On appeal, Draizen raises the same contentions as stated in his Petition.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Draizen's points of error as follows:

Draizen failed to support his claim that he received ineffective assistance of counsel during his minimum term sentencing hearing in 1997 with any evidence in the record. "A verbatim stenographic or mechanical record of the hearing shall be made and preserved in transcribed or untranscribed form." HRS § 706-669(6) (2014). No transcript of the hearing of Draizen's 1997 minimum term sentencing appears in the record on appeal. Thus, there is no trace of evidence in the record to support his claims. In addition, even if Draizen received ineffective assistance of counsel at his first hearing, Draizen received a second minimum term sentencing hearing which provided an opportunity to correct any earlier deficiency.

The minimum sentence imposed, both in 1997 and 2009, was 50 years. Thus, Draizen's claim that his minimum sentence was increased due to vindictiveness is without merit.

Hawaii Administrative Rule 23-700-22(k) states: "The Authority shall prepare and provide the Department of Public Safety, the inmate and the inmate's attorney with a written statement of its decision and order." Draizen cites no authority to support his claim that he and his counsel must be present when the HPA issues its written minimum sentence decision and order and we find none.

Apprendi does not apply to parole determinations. See Hawks v. Kane, 450 Fed. Appx. 565, 567 (9th Cir. 2011); Rose v. Swarthout, No. 2:11-cv-00327, 2012 WL 2959909 at *7-8 (E.D. Ca. Jul. 19, 2012).

The HPA Guidelines do not specify an initial starting point such as Level I or II. The HPA Guidelines state: "In reaching a decision on a minimum term, the criteria to be taken into consideration are discussed in Part IV." All relevant criteria are evaluated and a level of punishment is determined; HPA's determination is not based upon an initial starting point which allows for the level to increase or decrease based upon the criteria.

The HPA Guidelines for a defendant sentenced to Life with Parole and at Level III specifies a minimum sentence of 20-

50 years. Therefore, HPA did not deviate from its Guidelines when it imposed a minimum term of 50 years. The HPA Guidelines provide for Levels of Punishment I, II, and III, with minimums ranging from 5-10 years, 10-20 years, and 20-50 years, respectively, for a defendant who is sentenced to a maximum term of Life with Parole.

Draizen provides no evidence that all offenses involving loss of life, such as Murder, Manslaughter, and Negligent Homicide are automatically classified by the HPA as "callous and/or cruel" under Nature of Offense 1(a). Only Nature of Offense 1(a) factor for Level III mentions that "The offense was against a person(s) and the offender displayed a callous and/or cruel disregard for the safety and welfare of others[.]" Draizen's claim that HPA automatically assesses all offenses involving the loss of life to be "callous and/or cruel" is without merit.

When imposing a minimum sentence, the HPA does not determine a defendant's degree of penal responsibility. The HPA Guidelines are "to provide a degree of uniformity and consistency in the setting of minimum terms while providing the community-at-large, public policy makers and planners, the criminal justice system, and victims and offenders with information as to the criteria used in establishing minimum terms of imprisonment."

In its 2009 Notice and Order of Fixing Minimum Term(s) of Imprisonment, the HPA identified two significant factors in determining that Draizen's Level of Punishment was Level III, Nature of Offense and Degree of Loss/Injury to Person or Property, in compliance with Coulter v. State, 116 Hawaii 181, 172 P.3d 493 (2007). Where the record is sufficient to permit our meaningful review of the HPA's decision, the HPA is not required to specify the evidence used to determine which significant factors applied to his case. See Nichols v. State, No. CAAP-12-0000043, 2014 WL 7334909 (Haw. App. Dec. 24, 2014).

Draizen's claim that he does not meet the criteria for Level III based upon the significant factors of Nature of Offense and Degree of Loss/Injury to Victim is without merit. The record

indicates that the victim was stabbed 28 times, had multiple incisions and stab wounds, including an incision of the larynx and right internal jugular vein, incision of right sternomastoid muscle and thyroid gland, penetration of the pericardium and heart, penetration of the lungs, bilateral hemothorax, hemoperitoneum, penetration of the liver, right kidney, spleen, pancreas, diaphram, and mesentery of the intestines, and incision of the right psoas muscle with right retroperitoneal hemorrhage. In addition, the victim had defensive wounds to the left forearm and right hand.  Draizen admitted to his friend that he had used a butcher knife to stab the victim to death because she decided to return to her previous boyfriend.  A neighbor also believed she faintly heard the victim screaming hysterically and call out Draizen's name.  In sum, the record indicates a high degree of suffering as the victim was killed.

For these reasons, the Circuit Court's July 24, 2012 Order Denying Post-Conviction Relief is affirmed.

DATED: Honolulu, Hawai'i, February 24, 2015.

On the briefs:

Gary A. Draizen
Petitioner-Appellant

Richard W. Stacey
Diane K. Taira
Deputy Attorneys General
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge